IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REDA A. ENHAILI, | § | |
| | § | No. 272, 2018 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N17C-07-301 |
| J. DOUGLAS PATTERSON, M.D., | § | |
| DELAWARE ORTHOPAEDIC, and | § | |
| WILMINGTON HOSPITAL, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: August 24, 2018
Decided: November 7, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

The plaintiff-below/appellant, Reda A. Enhaili, filed this appeal from the Superior Court's opinion of April 23, 2018, which denied Enhaili a third extension of time to file an affidavit of merit and dismissed his medical negligence complaint.[1] After careful consideration of the parties' briefs and the record on appeal, we conclude that the Superior Court's judgment should be affirmed. As the plaintiff, it was Enhaili's responsibility to file an affidavit of merit when asserting his medical negligence claim. The Superior Court granted Enhaili a ninety-day extension of time

---

[1] 2018 WL 2272767 (Del. Super. Ct. April 23, 2018).

to file the required affidavit. When the affidavit was not filed, the Superior Court's denial of Enhaili's second and third requests for an extension of time and the court's dismissal of his complaint was neither an abuse of discretion nor an error of law.[2] Enhaili's status as an incarcerated litigant did not relieve him from the requirement of filing an affidavit of merit.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *See* 18 *Del. C.* § 6853(a)(2) (providing for single extension of time for filing affidavit of merit); *Smith v. Correct Care Solutions, LLC*, 2012 WL 3252864 (Del. Aug. 9, 2012).
[3] *See Smith v. Kobasa*, 2015 WL 1903546 (Del. April 24, 2015) (concluding that appellant's *pro se* status did not excuse her failure to comply with statutory requirements for filing a medical negligence complaint); *Steedley v. Surdo-Galef*, 2013 WL 1228019 (Del. Mar. 26, 2013) ("While Steedley's incarceration may make obtaining the affidavit of merit more challenging, he is not prevented from doing so and is not in a unique position vis-à-vis other indigent plaintiffs simply because of his incarceration.").